## CIRCUIT COURT OF FAIRFAX COUNTY

Dak Properties, Inc.

v.

Stewart Title
Guarantee Co. et al.

May 31, 1990

Case No. (Law) 92210

By JUDGE THOMAS A. FORTKORT

This matter is before the Court on defendant's demurrer to counts I and II of the amended motion for judgment. The facts, accepted as true for purposes of the demurrer, are taken from the papers filed by the parties with the Clerk of Court.

On May 26, 1987, plaintiff, Dak Properties, Inc. (DAK) entered into a contract with Lyle and Wendy Noll (Nolls) to purchase a parcel of land in Fairfax County, Virginia, known as 6426 S. Van Dorn Street. The purchase price was $400,000.00. Settlement of the purchase took place on August 14, 1987. Robert L. Cleveland, Jr. (Cleveland) was named as settlement attorney in the contract. As part of the settlement, United Savings Association of Rockville, Maryland (Bank) delivered to Cleveland a loan check in the amount of $210,000.00 along with various loan closing documents. The loan check represented a purchase money first deed of trust obtained by Dak from the Bank. Second and third deeds of trust were executed by Dak and held by the Nolls. The deed of conveyance was delivered by the Nolls to Cleveland, who had them recorded among the Fairfax County land records.

In connection with the settlement, Dak requested title insurance for the subject property. Defendant Stewart Title of Greater Washington, Inc., issued a "binder" for

the owner's and mortgagee's title insurance policies. Defendant issued a mortgagee policy of title insurance but did not issue the owner's policy.

On December 23, 1987, the Nolls filed suit against Dak and the Bank. The object of the suit was to set aside or rescind the entire transaction, obtain a return of the property, and divest Dak of title on the grounds that Cleveland had failed to disburse to them the purchase money paid by Dak. The Nolls also filed a *lis pendens* in connection with the suit.

Prior to the filing of the suit and the *lis pendens*, Dak entered into a contract for the sale of the property to Faith Presbyterian Church (FPC) for a purchase price of $570,000.00. The contract with FPC never went to settlement because of the suit and *lis pendens*. Dak expended $13,825.40 in legal fees and costs in defending its interests in the Noll's lawsuit. Dak then filed this amended motion for judgment alleging breach of contract and conversion.

Count I of the amended motion for judgment alleges that defendants breached a contract to insure Dak against all loss or damage, up to the amount of the policy, incurred as a result of unmarketability of title. The policy on which Dak relies was paid for but never issued by the defendants. Dak alleges that the *lis pendens* on the property rendered the title unmarketable and prevented the sale of the property to FPC. Dak seeks judgment in the amount of $400,000.00.

In Virginia a properly filed *lis pendens* has the effect of giving notice to third parties of a pending lawsuit in connection with the property. 12 A Michie's Jurisprudence, *Lis Pendens*, § 2. A *lis pendens* is restrictive in nature and serves only to warn others that rights which they may acquire will be subject to any valid judgment entered. *Bray v. Landergren*, 161 Va. 699, 172 S.E.2d 252 (1934). A *lis pendens* does not constitute a defect in the title or marketability of the property. Nor does it interfere with the ability of the owner to alienate its title to the property. Rather, the owner is free to sell the property, however, the purchase takes title subject to the final disposition of the suit. 12A, Michie's Jurisprudence, *Lis Pendens*, § 12. Since the only defect in

the title alleged by Dak is the *lis pendens*, defendant's demurrer to Count I is sustained.

Count II of the amended motion for judgment alleges that defendants, as principals, are liable for Cleveland's conversion of the purchase money and title insurance premiums paid by Dak. Count II seeks $400,000.00 compensatory and $5,000,000.00 punitive damages. Defendant demurs on the grounds that (1) Dak fails to allege facts to show it was harmed by Cleveland's conduct, (2) defendants had no duty to investigate Cleveland's business and financial affairs and to warn the public, and (c) defendants are not liable for Cleveland's conduct.

Dak alleges sufficient facts to overcome the demurrer to Count II. Specifically, the facts show that Cleveland was acting as defendant's approved settlement attorney and agent. As such he was obligated to collect and remit to defendants the funds due to them for insurance premiums. Dak paid for but never received the owner's insurance policy. Had the policy been issued, it would have provided coverage for legal fees and costs incurred by Dak in defense of its title. Thus, the amended motion for judgment alleges sufficient facts to support at least a claim for the $13,825.40 expended by Dak in defense of its title. The extent of defendants' liability beyond the $13,825.40 cannot be decided on demurrer. The question would best be raised following discovery or on motion for summary judgment. For the above-stated reasons, the demurrer to Count II is overruled.